# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("**Agreement**") is made and entered into by Tommy Nguyen, Paulus Niekdam, and Loc Tran (collectively, "**Representative Plaintiffs**"), on behalf of themselves and on behalf of all other Opt-in Plaintiffs who have filed their Consents to join this lawsuit (collectively "**Opt-in Plaintiffs**") on the one hand, and Defendants Versacom, LLC, Muhammad Al-Amin, and ~~Muhammad~~ AFREEN Al-Amin (collectively "**Defendants**") on the other hand. Collectively the Representative Plaintiffs and the Opt-in Plaintiffs shall be referred to as "**Plaintiffs**." The Representative Plaintiffs, Opt-in Plaintiffs, and the Defendants shall be referred to jointly as the "**Parties**" and singularly as a "**Party**."



**WHEREAS**, the Representative Plaintiffs have brought a civil collective action against the Defendants, captioned, *Tommy Nguyen, Paulus Niekdam, and Loc Tran, Individually and on behalf of all others similarly situated v. Versacom, LLC; Muhammad Al-Amin, Individually; and Afreen Al-Aminv, Individually*; Civil No. 3:13-CV-04689-D, filed in the United States District Court for the Northern District of Texas, Dallas Division (the "**Lawsuit**"), alleging violations of the Fair Labor Standards Act (29 USC §§ 201 et. seq. hereinafter "**FLSA**");

**WHEREAS**, the Representative Plaintiffs, through their counsel, Lu Pham, Caroline Harrison, and Antonio Allen of Dowell Pham Harrison, LLP, 505 Pecan Street, Suite 101, Fort Worth, Texas 76102, filed claims asserted in the Lawsuit pursuant to 29 USC § 216(b) on behalf of themselves and other persons who either currently or formerly work/worked for the Defendants;

**WHEREAS**, the Representative Plaintiffs represent and warrant that they have full authority to negotiate and enter into this Settlement Agreement and Release of Claims on behalf of each of the Opt-in Plaintiffs.

1

WHEREAS, the Parties agree that there are bona fide disputes between them with respect to (a) the legal entitlement to the amounts claimed in the Lawsuit; and (b) the facts that are the basis for the allegations made in the Lawsuit;

WHEREAS, the Defendants deny that they have committed any wrongdoing or violated any state or federal law pertaining to the payment of wages and have defended the claims asserted in the Lawsuit;

WHEREAS, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement, believe that the settlement as provided in this Agreement is in each of their own best interests and counsel for Plaintiffs specifically and separately agree that the settlement as provided in this Agreement is in the best interests of the Plaintiffs and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, the Parties desire to enter into an Agreed Judgment in a form attached hereto as Exhibit B, which will be signed by the Court and entered but will not be abstracted unless Defendants default under the terms set forth herein;

NOW, THEREFORE, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree to terminate past, present, and potential controversies between the Parties to the extent stated in greater detail below, the Parties covenant and agree as follows:

1. **Agreed Judgment:** All terms of this Agreement are contingent upon the filing of an Agreed Judgment in the amount of $1,500,000, jointly and severally against Defendants. The Parties intend for the terms and provisions of this Agreement to be binding upon the Parties. The Agreed Judgment will be presented to the court for signature and will be entered in the Lawsuit,

but will not be abstracted and executed unless Defendants have failed to make payments according to the schedule set forth herein.

2. **Settlement Procedure:** This Agreement will become final and effective upon occurrence of all of the following events:

    a. Entry by the Parties of an Agreed Judgment;

    b. Execution of this Agreement by the Representative Plaintiffs, and the Defendants;

    c. In exchange for an executed Release by the Representative Plaintiffs, the Defendants shall tender the settlement payment as stated below. Dowell Pham Harrison, LLP's tax identification number is 47-4142212.

3. **Effect of Agreed Judgment:** In the event that any of the conditions specified in Section 2 of this Agreement are not satisfied, or in the event that the Agreed Judgment in the Lawsuit is not entered by the Court for any reason, all matters covered by the Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Lawsuit as if the Agreement never existed and the Lawsuit persisted. If voided, the Parties further agree not to extend any current deadlines and/or conduct any further discovery in the Lawsuit and immediately set the matter for trial.

4. **Settlement Sum and Allocation:** The Defendants shall pay the total of **$850,000** ("**Settlement Payment**") to settle all claims made in this lawsuit. The Settlement Payment shall be divided as follows:

a. **$372,666.00** of the Settlement Payment shall be paid to Plaintiffs' counsel for their attorney's fees pursuant to agreement reached between Representative Plaintiffs and Plaintiffs' counsel;

b. **$75,000.00** of the Settlement Payment shall be paid to Plaintiffs' counsel as reimbursement for costs and expenses, including but not limited to expert fees, costs, travel expenses for the Representative Plaintiffs, and expenses for services and costs incurred to date and which will be incurred in the future through implementation and conclusion of the Agreement.

c. Payment will be made according to the following schedule:

1. $100,000 by April 10, 2017.
2. $50,000.00 by May 10, 2017.
3. $17,500.00 per month, starting June 15, 2017 for the next 40 months for the total of $700,000.00.

5. **Release:**

a. **General Release by Representative Plaintiffs Only:** In exchange for the considerations recited in Section 4 of this Agreement, each Representative Plaintiff does hereby and forever release, acquit, and discharge the Defendants (including their attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies) from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with his/her employment with Defendants as well as the claims or the

facts, matters, transactions, or occurrences referred to in the lawsuit captioned above, and any other claims under the FLSA and all other local, state, or federal laws relating to wage and hour compensation up to the execution of this Agreement, including, but not limited to, alleged claims of unpaid wages and all derivative claims under the Employee Retirement and Income Security Act, 29 U.S.C. §§ 201, et. seq. All such clams, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

b.  **Release as to All Opt-in Plaintiffs:** In exchange for the considerations recited in Section 4 of this Agreement, Representative Plaintiffs on behalf of each Opt-in Plaintiff do hereby and forever release, acquit, and discharge the Defendants (including their attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies) from any and all claims, causes of action, demands, debts, obligations, damages or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with his/her employment with Defendants as well as the claims or the facts, matters, transactions, or occurrences referred to in the lawsuit captioned above, and any other claims under the FLSA and all other local, state, or federal laws relating to wage and hour compensation up to the execution of this Agreement, including, but not limited to, alleged claims of unpaid wages and all derivative

claims under the Employee Retirement and Income Security Act, 29 U.S.C. §§ 201, et. seq. All such clams, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

6. **Settlement Payment Procedure:**

   a. Defendants agree to administer and disburse the Settlement Payment of $850,000 as follows:

      1. A total of **$100,000.00** on or by April 10, 2016 which will be divided as follows:

         A. $71,347.62 payable on a 1099 form to Dowell Pham Harrison, LLP for attorneys' fees and expenses.

         B. $13,652.38 payable on a 1099 form to Cantey Hanger, LLP for expenses.

         C. $15,000 payable on a 1099 form to Loc Tran as reimbursement for expenses fronted.

      2. A total of **$50,000** on or by May 10, 2017 payable on a 1099 form to Dowell Pham Harrison, LLP for attorneys' fees and expenses.

      3. The remaining **$700,000** shall be divided into 40 monthly payments commencing on June 15, 2017 and payable on the 1st of every month thereinafter ("**Due Date**"), which will be paid as follows:

         A. $7,441.65 payable on a 1099 to Dowell Pham Harrison, LLP for attorney's fees. This amount will be mailed monthly

directly to Dowell Pham Harrison LLP at 505 Pecan St., Suite 202 Fort Worth, Texas 76102.

B. $10,058.35 to the class members pursuant to the distribution on Exhibit A. Fifty percent (50%) of each Plaintiff's share of the Settlement Fund from each monthly payment shall be allocated to alleged lost wage damages, subject to applicable withholdings and deductions, for which a Form W-2 shall issue. The remaining fifty percent (50%) from each monthly payment shall be allocated to alleged liquidated damages, for which a Form 1099 will be issued to Plaintiffs. Defendants will issue both monthly checks directly to Plaintiffs based upon the address provided on the Plaintiffs' W4.

7. **DEFAULT:** A payment will be considered timely if it is mailed to Plaintiffs' counsel and Plaintiffs in accordance with the Distribution listed on Exhibit A within 5 calendar days of the Due Date. ~~If a payment is untimely (not mailed within 5 calendar days of the due date), then~~ the remaining balance is due at once with a ~~5% interest rate compounded monthly from the date the payment first becomes untimely~~. In addition, Default will result in abstraction and execution on the Agreed Judgment.

8. **Nonadmission:** The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the acts and the law that apply to this matter. This Agreement and the settlement are a compromise and

7

shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

9. **Modification of Agreement:** This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties and as approved by the Court.

10. **Further Cooperation:** The Parties and their respective counsel shall proceed diligently to prepare and execute all documents, to seek the necessary Dismissal of the Lawsuit, and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

11. **Entire Agreement:** This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Agreement. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms. This Agreement shall not be modified, amended or terminated unless such modification, amendment or termination is executed as required by Section 9 above.

12. **Construction:** This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. The Plaintiffs and the Defendants participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the

Plaintiffs nor the Defendants may claim that any ambiguity in this Agreement should be construed against the other.

13. **Enforcement:** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Texas, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or, in the event the choice of Texas law is deemed inapplicable, in accordance with U.S. federal law.

14. **Execution of Agreement:** The Parties agree that this Agreement shall be executed in multiple original counterparts, each having the same force and effect as if all Parties executed a single instrument.

15. **Attorney Fees, Costs, and Expenses:** Except as otherwise specifically provided herein, the Parties shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any Party to this Agreement.

16. **Continuing Jurisdiction:** The United States District Court for the Northern District of Texas, Dallas Division shall retain continuing jurisdiction and its ability to hear and adjudicate the issues of law and facts asserted in the Lawsuit until the terms of this Agreement are fully satisfied.

REPRESENTATIVE PLAINTIFFS

**ACCEPTED AND AGREED:**

_____    2/6/17
Loc Q. Tran                        Date

_____    2/6/17
Tommy Nguyen                       Date

_____    2/4/17
Paulus Niekdam                     Date


**DEFENDANTS:**

**ACCEPTED AND AGREED:**

_____    2-6-17
Muhammad Al-Amin, Individually     Date

_____    2-6-17
Afreen Al-Amin, Individually       Date

_____    2-6-17
Versacom, LLC                      Date
By:_____
It's: PRESIDENT & CEO

## PLAINTIFFS' SETTLEMENT AND MONTHLY PAYOUT AMOUNT

| CLIENT | DAMAGES | % OF DAMAGES | MONTHLY PAYOUT |
|---|---|---|---|
| Loc Tran | $ 60,666.00 | 15.08% | $ 1,516.65 |
| Paulus Niekdam | $ 9,713.00 | 2.41% | $ 242.83 |
| Tommy Nguyen | $ 17,920.00 | 4.45% | $ 448.00 |
| Abdul-Hakeem Rashad (*) | $ - | 0.00% | $ - |
| Aly Mohamed | $ 14,227.98 | 3.54% | $ 355.70 |
| Blake A Hall | $ 773.21 | 0.19% | $ 19.33 |
| Dedric B Robinson | $ 2,002.95 | 0.50% | $ 50.07 |
| Dung (Alex) Hoang | $ 11,298.42 | 2.81% | $ 282.46 |
| Dustin Nguyen | $ 145.95 | 0.04% | $ 3.65 |
| Duy Q Dinh | $ 3,103.52 | 0.77% | $ 77.59 |
| Eden H Ta | $ 4,768.10 | 1.19% | $ 119.20 |
| Edward Williams (*) | $ - | 0.00% | $ - |
| Faisal H Akhtar | $ 1,616.72 | 0.40% | $ 40.42 |
| Gary N Moore (*) | $ - | 0.00% | $ - |
| Goldie W Moore (*) | $ - | 0.00% | $ - |
| Hoan D Bui | $ 38,505.10 | 9.57% | $ 962.63 |
| Jacqueline Alvarado | $ 305.63 | 0.08% | $ 7.64 |
| Jaynoid O Brumfield | $ 2,305.46 | 0.57% | $ 57.64 |
| Jeffrey Doerr | $ 15,154.74 | 3.77% | $ 378.87 |
| John H Le (*) | $ - | 0.00% | $ - |
| Julian A Pham | $ 1,890.00 | 0.47% | $ 47.25 |
| Khang H Nguyen | $ 956.83 | 0.24% | $ 23.92 |
| Marcellous Johnson | $ 2,604.38 | 0.65% | $ 65.11 |
| Minh D Nguyen | $ - | 0.00% | $ - |
| Minh V Duong (*) | $ - | 0.00% | $ - |
| Mong Ho | $ 3,246.48 | 0.81% | $ 81.16 |
| Peter Le | $ 38,644.45 | 9.61% | $ 966.11 |
| Phuc Q Luong | $ 3,611.48 | 0.90% | $ 90.29 |
| Phuoc (Benny) L. Nguyen | $ 851.09 | 0.21% | $ 21.28 |
| Phuong K Le | $ 69,955.35 | 17.39% | $ 1,748.88 |
| Phuong M Huynh | $ - | 0.00% | $ - |
| Sang V Vo (*) | $ - | 0.00% | $ - |
| Sky Nguyen | $ 10,879.92 | 2.70% | $ 272.00 |
| Thai Q Tran | $ 13,212.35 | 3.28% | $ 330.31 |
| Thanh (Dustin) D Vu | $ 31,624.01 | 7.86% | $ 790.60 |
| Tony A Bui | $ 15,591.85 | 3.88% | $ 389.80 |
| Tuan A Ngo | $ - | 0.00% | $ - |
| Tue Van (Chau) Nguyen | $ 7,826.17 | 1.95% | $ 195.65 |
| Vinny T Pham (*) | $ - | 0.00% | $ - |
| Vu T Le | $ 15,924.70 | 3.96% | $ 398.12 |
| Vuong B Duong | $ 3,007.97 | 0.75% | $ 75.20 |
| | $ 402,333.81 | | $ 10,058.35 |

* These employees have pay periods included in the damage analysis that fell outside the statute of limitations or do not have pay periods that were included in the damage analysis.

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All Others Similarly Situated, <br>     Plaintiffs, <br><br> V. <br><br> VERSACOM, LLC; MUHAMMAD AL-AMIN, Individually; AFREEN AL-AMIN, Individually <br>     Defendants. | Civil Action No. 3:13-CV-04689-D <br><br><br> JURY TRIAL DEMANDED |

## AGREED FINAL JUDGMENT

On this _____ day of _____, 2017, the Court considered the above-referenced case. The Court, after considering the record and the agreement of the parties, as evidenced by the signature of their respective counsel below, finds that Judgment should be rendered as set forth below.

It is therefore ORDERED, ADJUDGED, and DECREED that Tommy Nguyen, Paulus Niekdam, and Loc Tran, Individually and on behalf of all others similarly situated ("Plaintiffs") have an recover judgment of and from Versacom, LLC, Muhammad Al-Amin, individually, and Afreen Al-Amin, individually (collectively "Defendants") jointly and severally as follows:

1. Judgment in the amount of $1,500,000.00;

2. Prejudgment interest on the judgment at the rate of 5% from November 26, 2013 until the date of this Judgment; and

3. Post-judgment interest on the total amount of the Judgment at the rate of 5%, compounded annually, from the date this judgment is entered until all amounts are paid in full.

All relief not expressly granted herein is hereby denied. This Agreed Final Judgment finally disposes of all parties and claims and is appealable.

SIGNED this _____ day of _____, 2017.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND CONTENT:**

By: _____
Lu Pham
State Bar No. 15895430
lpham@dphllp.com
Caroline C. Harrison
State Bar No. 24046034
charrison@dphllp.com
Antonio U. Allen
State Bar No. 24069045
aallen@dphllp.com

DOWELL PHAM HARRISON, LLP
505 Pecan Street, Suite 101
Fort Worth, Texas 76102
(817) 632-6300
(817) 632-6313 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

By: _____
Sean S. Modjarrad
State Bar No. 24027398
smodjarrad@modjarrad.com
Sarah M. Schechter
State Bar No. 24062987
sschechter@modjarrad.com
David Mizgala
State Bar No. 24031594
dmizgala@modjarrad.com
Jeff Shelton
State Bar No. 24011458
jshelton@modjarrad.com

MODJARRAD | ABUSAAD | SAID LAW FIRM
212 W. Spring Valley Road
Richardson, Texas 75081
Tel. (972) 789-1664
Fax (972) 789-1665

**ATTORNEYS FOR DEFENDANTS**

**PARTIES:**

_____
Tommy Nguyen
*Individually and on behalf of all others similarly situated*


_____
Paulus Niekdam
*Individually and on behalf of all others similarly situated*


_____
Loc Tran
*Individually and on behalf of all others similarly situated*




Versacom, LLC
By:_____

Title: PRESIDENT & CEO


_____
Muhammad Al-Amin
*Defendant*


_____
Afreen Al-Amin
*Defendant*